IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALYRIAN IP LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) C.A. No. _____ ) ) |
| GRANDSTREAM NETWORKS, INC., | ) DEMAND FOR JURY TRIAL ) |
| *Defendant*. | ) ) ) ) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Valyrian IP LLC ("Valyrian IP" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Grandstream Networks, Inc., ("Grandstream Networks" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,970,706, titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System" (the '706 Patent), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Valyrian IP LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Suite 300-1025, Plano, TX 75024.

4. On information and belief, Defendant Grandstream Networks, Inc. is a company incorporated in Delaware and may be served by its registered agent The Corporation Trust

1
COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Company at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the district of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing '706 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. The Patent-in-Suit teaches systems and methods for a cordless digital telephone system which allows hierarchical call control in a cordless phone system.

10. The invention disclosed in the Patent-in-Suit discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components. For instance, at the time of filing there existed a lack of capability to simultaneously send a voice message to all mobile units associated with a base unit. *See* '706 Patent 1:39-42. One significant result of this limitation was that prior to the Patent-in-Suit it was impossible for a base station to send a call from an unidentified caller to only a specific mobile unit. *See* '706 Patent, 1:49-53. Additionally, conventional cordless systems were also incapable of broadcasting a message deemed important for a specific group of mobile units. *See* '706 Patent, 1:53-56. The Patent-in-Suit overcame these limitations.

## ACCUSED PRODUCTS

11. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Grandstream Networks DP750/DP720 (the "Accused Products" or "Accused Instrumentality").

## COUNT I
**(Infringement of U.S. Patent No. 6,970,706)**

12. Plaintiff incorporates by reference the allegations of paragraphs 1-11, the same as if set forth herein.

13. The '706 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2005. The '706 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

14. Plaintiff is the owner by assignment of the '706 patent and possesses all rights of recovery under the '706 patent, including the exclusive right enforce the '706 patent and pursue lawsuits against infringers.

15. Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe on one or more claims of the '706 Patent—directly, contributorily, and/or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement**

16. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '706 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006). For instance, Defendant has directly infringed the Patent-in-Suit by testing, configuring, and troubleshooting the functionality of its location technology.

17. By way of example, Defendant has infringed and continues to infringe on at least one or more claims, including at least Claim 1 of the '706 Patent which teaches:

> A system for providing a hierarchical call control
> paradigm in a cordless phone system, comprising:
>   a base station operable in a broadcast mode and a
>     standard mode;
>   a plurality of mobile units communicatively coupled

         to the base station;
     a directory server coupled to the base station;
     a phone number database included in or coupled to the directory server arranged to store any number of phone numbers,
     a caller identification database coupled to the phone number database arranged to store a caller identifier uniquely associated with a phone number corresponding to a received phone call; and
     a priority level data base coupled to the caller identification data base arranged to provide a priority level for the caller identifier, wherein when the phone call is received, the directory server identifies a phone number of the received call, identifies a caller based upon a retrieved caller identifier associated with the identified phone number, retrieves a priority level for the identified caller, and forwards the call to a specific mobile unit based upon the priority level.

18. On information and belief, the accused instrumentality is a system for providing a hierarchical call control paradigm (e.g., Call control with Do Not Disturb enabled) in a cordless phone system (e.g., DECT Cordless IP Phones). *See* Ex. 1 at 1, Figure 1, available at http://www.grandstream.com/sites/default/files/Resources/DP750_DP720_Administration_Guide.pdf (last visited July 22, 2019).



*Figure 1*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

19. On information and belief, the accused instrumentality comprises a base station (e.g., DP 750 base station) operable in a broadcast mode (e.g., parallel mode) and a standard mode (e.g., telephony features). *See* Ex. 1 at 20-21, 23, Figures 2-4.



*Figure 2*



*Figure 3*



*Figure 4*

20. On information and belief, the accused instrumentality comprises a plurality of mobile units (e.g., 5 handsets) communicatively coupled to the base station (e.g., DP750 base station). *See* Ex. 1 at 19, Figure 5.



*Figure 5*

21. On information and belief, the accused instrumentality comprises a directory server (e.g., phonebook management) coupled to the base station (e.g., DP750 base station). *See* Ex. 1 at 87, 89, Figures 6-7.



*Figure 6*

**Global Phonebook**

Global phonebook allows to manage contacts and use them in all registered handsets. The contacts can be imported either via XML or via LDAP. Follow steps below to upload your shared phonebook:

**Global Phonebook via XML**

1. Access the Web GUI of your DP750 using the admin's username and password. (Default username and password is: admin/admin).
2. Press **Login** to access your settings.

*Figure 7*

22. On information and belief, the accused instrumentality comprises a phone number database included in or coupled to the directory server (e.g., phonebook management) arranged to store any number of phone numbers (e.g., phonebook with up to 3000 entries). *See above* Figures 3, 6, 7.

23. On information and belief, the accused instrumentality comprises a caller identification database coupled to the phone number database arranged to store a caller identifier uniquely associated with a phone number corresponding to a received phone call (as shown below). *See* Exhibit 1 at 91, Figures 8-9.

```
XML Phonebook file format
<?xml version="1.0" encoding="UTF-8"?>
<AddressBook>
    <Contact>
        <FirstName>First name</FirstName>
        <LastName>Last name</LastName>
        <Ringtone>Ringtone ID (default 0)</Ringtone>
        <Phone type="Home">
            <phonenumber>Home phone number</phonenumber>
        </Phone>
```

*Figure 8*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

```
<Phone type="Work">
    <phonenumber>Work phone number</phonenumber>
</Phone>
<Phone type="Mobile">
    <phonenumber>Mobile phone number</phonenumber>
</Phone>
    </Contact>
</AddressBook>
```

*Figure 9*

24. The accused instrumentality comprises a priority level data base coupled to the caller identification data base arranged to provide a priority level for the caller identifier (e.g., some numbers can be configured as do not disturb exceptions), wherein when the phone call is received, the directory server identifies a phone number of the received call, identifies a caller based upon a retrieved caller identifier associated with the identified phone number, retrieves a priority level for the identified caller, and forwards the call to a specific mobile unit based upon the priority level (e.g., those numbers are able to call you and transfer calls to you while you have the do not disturb switched on.). *See* Ex. 2 at 64-65, Figures 10-11, (available at https://www.tpx.com/support/wp-content/uploads/sites/2/DP750_DP720_User_Guide.pdf) (last visited July 22).

**Do Not Disturb**

You can activate or deactivate the DND mode for your accounts registered on the handset under the call settings. If DND mode is activated for a specific line, all incoming calls will receive busy treatment depending on your configuration (forward to voice mail, busy tone…)

*Figure 10*

> To enable or disable the DND mode, follow the next steps
> 1. Press **Menu** to bring up operation menu.
> 2. Use arrow keys to reach **Call Features** → navigate to **Do Not Disturb** sub-menu.
> 3. Select the account on which you want to enable / disable the DND mode and then press "Select"
> 4. Choose between **Enabled** and **Disabled** options and press softkey "Save" to accept the changes, a prompt message will be displayed to confirm that the DND is **enabled / disabled**.
>
> You can navigate to Status → Line status to check if the **DND** mode is enabled on the base station.

*Figure 11*

**Induced Infringement**

25. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '706 Patent in the State of Delaware, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendant's customers, third parties interacting with the accused technology, and other third-parties.

26. Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"). For example, Defendant encourages visitors to "Create Powerful Networks with our Cloud Management Platform" (*see* Ex. 3) and "Build a

fast and secured network solution [u]sing our networking GWN series (*see* Ex. 4), while inviting promoting its products with a call to action: "Ready to buy? Chat us!" (*see* Ex. 3-4) (available at http://www.grandstream.com/) (last visited July 24, 2019).

27. The allegations herein support a finding that Defendant induced infringement of the '706 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

### Contributory Infringement

28. On information and belief, Defendant contributorily infringes on Plaintiff's '706 Patent. Defendant knew or should have known, at the very least as a result of its freedom to operate analyses and the filing of this complaint, that third parties, such as its customers, would infringe the '706 Patent.

29. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

### Willful Infringement

30. On information and belief, the infringement of the '706 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Plaintiff's rights in the

'706 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant had knowledge of the '706 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses.

**Plaintiff Suffered Damages**

31. Defendant's acts of infringement of the '706 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '706 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

**REQUEST FOR RELIEF**

32. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '706 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '706 Patent;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those

acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '706 Patent;

(e) enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f) award Plaintiff all other relief that the Court may deem just and proper.

Dated: July 31, 2019                                  Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

M. GRANT MCARTHUR (SBN 321959)
gmcarthur@budolaw.com
KIRK. J. ANDERSON (SBN 289043)
kanderson@budolaw.com
BUDO LAW, LLP
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

***Attorneys for Plaintiff Valyrian IP LLC***